1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALISON HELEN FAIRCHILD,                          No.  2:24-cv-1907-DC-CKD (PS)

12                      Plaintiff,

13          v.                                          ORDER

14    TONEY WAYNE MEREDITH, et al.,

15                      Defendants.

16

17          Plaintiff, proceeding without the assistance of counsel, filed the instant action on July 11,

18    2024, and paid the filing fee.[1] (ECF No. 1.) On July 12, 2024, the Clerk's Office issued summons

19    to serve the defendants. (ECF No. 5.)

20          By order dated December 6, 2024, plaintiff was cautioned that pursuant to Rule 4 of the

21    Rule of Civil Procedure:

22                 If a defendant is not served within 90 days after the complaint is
                   filed, the court—on motion or on its own after notice to the
23                 plaintiff—must dismiss the action without prejudice against that
                   defendant or order that service be made within a specified time.
24                 But if the plaintiff shows good cause for the failure, the court must
                   extend the time for service for an appropriate period.
25

26    Fed. R. Civ. P. 4(m). The order served to plaintiff on December 6, 2024, further informed

27    _____

28    [1] Because plaintiff proceeds without counsel, this matter was referred to the undersigned under
      Local Rule 302(c)(21).

                                                        1

plaintiff the record did not reflect any proper service attempts and that plaintiff's complaint was on the verge of being dismissed for failure to serve. Plaintiff was ordered to file a statement with the court within 14 days indicating the status of service and any good cause reasons why defendants had not been served pursuant to Federal Rule of Civil Procedure 4. Plaintiff was cautioned that failure to respond to the order would result in a recommendation that this case be dismissed.

Plaintiff has not filed a statement indicating the status of service or otherwise responded to the court's December 6, 2024 order. However, further review of the docket reflects a certificate of service was filed on October 11, 2024, indicating copies of the complaint, summons, and/or waiver of summons forms were sent to several of the defendants by Certified Priority Mail, with return receipts received. (ECF No. 9.) Accordingly, the court examines whether plaintiff has demonstrated proper service of process on any defendants based on the information in the previously filed certificate of service.

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4. Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685 (9th Cir. 1988). Under Federal Rules of Civil Procedure Rule 4(e), an individual within a judicial district of the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

A summons may be served by mail under California law, but it must be mailed with two copies of the notice and acknowledgment provided in Cal. Civ. Proc. Code § 415.30(b), and with

a return envelope, postage prepaid, addressed to the sender. Cal. Civ. Proc. Code § 415.30. Plaintiff has not complied with the requirements of § 415.30 because there is no indication the defendants were provided with a postage prepaid return envelope and the acknowledgment form, or that any defendant returned the form.

Based on the information in the certificate of service, plaintiff has not effected service under any method set forth in Rule 4(e) of the Federal Rules of Civil Procedure. Instead, the certificate of service indicates plaintiff requested waivers of service by certified mail. (ECF No. 9 at 2-6.)

Federal Rule of Civil Procedure 4(d) permits a plaintiff to avoid the costs of personal service by providing a defendant with written notice, through first-class mail or other reliable means, of the commencement of an action and with a request that defendant waive service of summons. Fed. R. Civ. P. 4(d)(1). Such a notification must also be addressed to the individual defendant, state the court where the complaint was filed, show when the request was sent, and include a copy of the complaint, two copies of a waiver form, and a prepaid method for returning the form. Id. The plaintiff shall "give the defendant a reasonable time of at least 30 days after the request was sent ... to return the waiver." Fed. R. Civ. P. 4(d)(1)(F).

Once notified, a defendant "has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Accordingly, if the defendant does not sign and return the waiver, absent good cause, "the court must impose on the defendant… the expenses later incurred in making service[.]" Fed. R. Civ. P. 4(d)(2).

Here, as set forth, the certificate of service does not indicate any defendant was provided with a prepaid method for returning the form. In addition, the certificate of service is unclear as to whether a summons (AO-440) for each defendant, or a waiver of summons form (AO-399) for each defendant, or both, were provided.[2] Finally, there is no indication that any defendant signed and returned the waiver. Thus, the certificate of service does not establish that plaintiff satisfied

---

[2] The certificate of service indicates copies of "the complaint and United States Court waiver of summons form (AO-440)" were served on several of the defendants by certified mail. (ECF No. 9 at 2-6.)

1   the procedure set forth in Rule 4(d) for waiver of service. There is, further, no indication plaintiff

2   attempted service in any other manner.

3        Accordingly, plaintiff has not met the burden to prove service of process or waiver of

4   service of process. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). "Rule 4 is a

5   flexible rule that should be liberally construed so long as a party receives sufficient notice of the

6   complaint." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) (internal quotations omitted).

7   However, even under a liberal construction, "neither actual notice nor simply naming the

8   defendant in the complaint will provide personal jurisdiction without 'substantial compliance with

9   Rule 4.'" Benny, 799 F.2d at 492 (quoting Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir.

10  1982)).

11       A court may dismiss claims against a defendant who is not served "within 90 days after

12  the complaint is filed." Fed. R. Civ. P. 4(m). The Ninth Circuit has explained that courts "are

13  generally more solicitous of the rights of pro se litigants, particularly when technical

14  jurisdictional requirements are involved." Borzeka v. Heckler, 739 F.2d 444, 448 n.2 (9th Cir.

15  1984). In Borzeka, the Ninth Circuit set forth a four-factor test governing when Rule 4 service

16  requirements may be excused in the context of a motion to dismiss a litigant's complaint for

17  failure to properly effectuate service—if "(a) the party that had to be served personally received

18  actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a

19  justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely

20  prejudiced if his complaint were dismissed." 739 F.2d at 448.

21       On the record before the court, there appears no justifiable excuse for the failure to serve,

22  and no indication plaintiff would be severely prejudiced if her complaint were dismissed for

23  failure to serve. However, the undersigned will not recommend dismissal at this juncture.

24  Considering plaintiff's pro se status and attempts to obtain waivers of service, there is good cause

25  to extend the service deadline. See Fed. R. Civ. P. 4(m). Service of the summons and complaint

26  must be made, or proper waiver of service demonstrated, within 45 days. Plaintiff is informed that

27  pro se status itself is not sufficient to show good cause for failure to serve. Townsel v. Contra

28  Costa County, 820 F.2d 319, 320 (9th Cir. 1987) (noting that ignorance of or confusion about

4

1   service requirements does not constitute "good cause" for failure to serve).

2          In accordance with the above, IT IS ORDERED as follows:

3          1.       Sua sponte, the court extends the time for plaintiff to serve the defendants under

4   Rule 4 of the Federal Rules of Civil Procedure; service of the summons and complaint must be

5   made, or proper waiver of service demonstrated, within 45 days from the date of this order.

6          2.       Plaintiff is cautioned that failure to effectuate service of process within this time or

7   to make a detailed showing of good cause for a further extension of time will result in a

8   recommendation that plaintiff's claims be dismissed for failure to serve.

9   Dated:  January 2, 2025

10
                                              _____
                                              CAROLYN K. DELANEY
11                                            UNITED STATES MAGISTRATE JUDGE

12

13   8, fair24cv1907.4m.2

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28