UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON HELEN FAIRCHILD,<br><br>Plaintiff,<br><br>v.<br><br>TONEY WAYNE MEREDITH, et al.,<br><br>Defendants. | No. 2:24-cv-1907-DC-CKD (PS)<br><br><u>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO SERVE</u> |

Plaintiff Alison Helen Fairchild, proceeding without the assistance of counsel, filed this action on July 11, 2024.[1] Plaintiff paid the filing fee and was issued summons issued by the Clerk of Court to serve the defendants. (ECF No. 5.) On December 6, 2024, and again on January 3, 2025, the court issued orders informing and reminding plaintiff that, pursuant to Rule 4 of the Rule of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

---

[1] Because plaintiff proceeds without counsel, this matter was referred to the undersigned under Local Rule 302(c)(21).

1

The court's order served to plaintiff on January 3, 2025, informed plaintiff the record did not reflect any proper service attempts and also did not reflect that plaintiff satisfied the procedure set forth in Rule 4(d) of the Federal Rules of Civil Procedure for obtaining waivers of service. The court's order also informed plaintiff that the complaint was on the verge of being dismissed for failure to serve. Plaintiff was ordered to file a statement with the court indicating the status of service and any good cause reasons why defendants had not been served pursuant to Federal Rule of Civil Procedure 4 within 14 days. Plaintiff was cautioned that failure to respond to the January 3, 2025 order would result in a recommendation that this case be dismissed.

Plaintiff has not filed a statement indicating the status of service and has not otherwise responded to the court's January 3, 2025 order.

Self-represented plaintiffs are given great latitude in prosecuting their cases, given their unfamiliarity with the legal system and federal rules. See, e.g., Eriksen v. Washington State Patrol, 2006 WL 994750, at *1 (E.D. Wash. Apr. 7, 2006) ("Generally pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings.") (quoting Moore v. Agency for Intern. Development, 994 F.2d 874 (D.C. Cir. 1993)). However, pro se status itself is not sufficient to show good cause for failure to serve. Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir. 1987) (noting that ignorance of or confusion about service requirements does not constitute "good cause" for failure to serve).

As explained in the court's prior orders, service of the summons and complaint must occur within 90 days of filing the complaint, unless otherwise ordered. Fed. R. Civ. P. 4(c)(1) & (m). If a defendant is not served by the deadline, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). Given plaintiff's failure to serve, lack of good cause, and failure to respond to recent court orders inquiring about the status of service, this case should be dismissed. See Fed. R. Civ. P. 4(m); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's

complaint be DISMISSED WITHOUT PREJUDICE, and the Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 28, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, fair24cv1907.r4.fr